**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| VISWANATHA PALEMPALLI, Derivatively on Behalf of COGNIZANT TECHNOLOGY SOLUTIONS CORPORATION,<br>Plaintiff,<br>v.<br>MICHAEL PATSALOS-FOX, et al.,<br>Defendants,<br>and<br>COGNIZANT TECHNOLOGY SOLUTIONS CORPORATION,<br>Nominal Defendant. | No. 2:21-cv-12025-KM-CLW |

**ORDER GRANTING THE JOINT MOTION TO SEAL TRANSCRIPT PURSUANT TO LOCAL RULE 5.3**

**THIS MATTER** having been brought before the Court upon the Joint Motion to Seal Pursuant to Local Rule 5.3 by Plaintiff Viswanatha Palempalli and Nominal Defendant Cognizant Technology Solutions Corporation ("Cognizant"); and the Motion being unopposed and consented to by Defendants Zein Abdalla, Maureen Breakiron-Evans, Francisco D'Souza, John N. Fox, Jr., Leo S. Mackay, Jr., Lakshmi Narayanan, Michael Patsalos-Fox, Robert E. Weissman, Thomas M. Wendel, John E. Klein, Gordon J. Coburn, Karen McLoughlin, Rajeev Mehta, Jonathan Chadwick, Ramakrishnan Chandrasekaran, and Steven E. Schwartz (collectively, the "Individual Defendants"); and the Court, having fully considered the Declaration of

Charles A. Brown in Support of the Joint Motion to Seal Transcript Pursuant to Local Rule 5.3 (the "Brown Declaration"), and exhibits attached thereto, including the Index in Support of the Joint Motion to Seal Transcript Pursuant to Local Rule 5.3, adopts the following Findings of Fact and Conclusions of Law:

## I. The Nature of the Materials at Issue

### A. Findings of Fact

1. Plaintiff and Cognizant seek to permanently seal the transcript of proceedings held before Magistrate Judge Waldor in this matter on February 6, 2023 (the "February 6, 2023, Transcript").

2. Local Civil Rule 5.3(c) requires the moving party or parties to describe with particularity:

a. the nature of the materials at issue;

b. the legitimate private or public interests which warrant the relief sought;

c. the clearly defined and serious injury that would result if the relief sought is not granted;

d. why a less restrictive alternative to the relief sought is not available;

e. any prior order sealing the same materials in the pending action; and

f. the identity of any party or non-party known to be objecting to the sealing request.

3. On April 29, 2019, Plaintiff made a litigation demand (the "Palempalli Litigation Demand") on Cognizant's Board of Directors (the "Board"). Two other alleged Cognizant shareholders previously made litigation demands on the Board (together with the Palempalli Litigation Demand, the "Litigation Demands").

4. On October 14, 2021, the Court granted Plaintiff's and Cognizant's Joint Motion to Seal the Verified Stockholder Derivative Complaint. ECF No. 24. The Court found that the Verified Stockholder Derivative Complaint "quotes from or otherwise refers to and discloses non-public, confidential, proprietary, or commercially sensitive information contained in (1) meeting minutes of the Board concerning the potential appointment of a committee tasked with investigating the Litigation Demands (the 'Review Committee'); (2) meeting minutes of the Board and a Review Committee where the Litigation Demands were discussed or evaluated; (3) a presentation from counsel to the Board concerning the Litigation Demands; (4) documents reviewed or relied upon by the Board or Review Committee concerning the Litigation Demands; and (5) engagement letters of counsel retained by the Board or Review Committee concerning the Litigation Demands (the 'Confidential Information')." ECF No. 24 ¶ 4. The Court also found that there was good cause to grant the Joint Motion to Seal the Verified Stockholder

Derivative Complaint because "Cognizant's interests in its Confidential Information . . . outweigh the minimal, if any, public interest in its disclosure." ECF No. 24 at 9.

5. On September 13, 2022, the Court granted Plaintiff's and Cognizant's Joint Motion to Seal Pursuant to Local Rule 5.3. ECF No. 55. The Court found that the Memorandum of Law in Support of Motion to Dismiss Verified Stockholder Derivative Complaint (the "Motion to Dismiss"), the Declaration of Charles A. Brown in Support of the Motion to Dismiss and Exhibits D, E, and F thereto, Plaintiff's Opposition to the Motion to Dismiss, the Declaration of Stephen J. Oddo in Support of Plaintiff's Opposition to the Motion to Dismiss and Exhibits B, C, D, E, and F thereto, and the Reply Memorandum of Law in Further Support of the Motion to Dismiss (the "Confidential Documents") quoted from or otherwise referred to and disclosed Confidential Information. ECF No. 55 ¶ 4. The Court found that there was good cause to grant the Joint Motion to Seal Pursuant to Local Rule 5.3, and seal the Confidential Documents, because "Cognizant's interests in its Confidential Information . . . outweigh the minimal, if any, public interest in its disclosure." ECF No. 55 at 10.

6. On November 30, 2022, the Court filed a redacted Opinion (the "Redacted Opinion") that redacted the Confidential Information referenced therein. Specifically, the Court wrote that "[a]t pp. 7 and 8 of the unredacted opinion, I have highlighted references to facts and contentions that remain sealed and nonpublic; I

have filed a second redacted version of the opinion that omits those passages." ECF No. 57 at 4 n.3.

7. The February 6, 2023, Transcript refers to and discloses the same non-public, confidential, proprietary, or commercially sensitive Confidential Information that the Court ordered sealed in the Order granting the Joint Motion to Seal the Verified Stockholder Derivative Complaint and the Order granting the Joint Motion to Seal Pursuant to Local Rule 5.3 and that the Court redacted in the Redacted Opinion.

**B. Conclusions of Law**

8. Although common law recognizes a public right of access to judicial proceedings and records, Goldstein v. Forbes (In re Cendant Corp.), 260 F.3d 183, 192 (3d Cir. 2001), courts have discretion to seal documents when good cause has been shown for keeping information in those documents confidential. The party seeking to seal any part of a judicial record bears the burden of demonstrating that "the material is the kind of information that courts will protect." Miller v. Indiana Hosp., 16 F.3d 549, 551 (3d Cir. 1994) (quoting Publicker Indus., Inc. v. Cohen, 733 F.2d 1059, 1071 (3d Cir. 1983)).

9. This Court has the power to seal where confidential information may be disclosed to the public. Fed. R. Civ. P. 26(c)(1)(G) allows the court to protect materials containing "non-public internal business information" upon motion by a

party, to prevent harm to a litigant's competitive standing in the marketplace. See City of Roseville Emps.' Ret. Sys. v. Crain, No. 11-CV-2919 JLL JAD, 2013 WL 4509970, at *1 (D.N.J. Aug. 22, 2013).

## II. The Legitimate Private or Public Interest That Warrants the Relief Sought

### A. Findings of Fact

10. As the Court has previously recognized, Cognizant has a substantial and legitimate private interest in the Confidential Information, and Cognizant is careful to take steps to protect against its public disclosure. The Confidential Information includes or reflects information that was provided confidentially to the Board or Review Committee, and is not information that Cognizant shares publicly. Specifically, the Confidential Information includes confidential board minutes and board materials created in connection with the Board's and Review Committee's investigation of the Litigation Demands and reflects the private deliberations of the Board and Review Committee regarding that investigation.

11. Cognizant maintains the confidentiality of its board minutes and board materials, and board meetings are conducted under an expectation that all comments are confidential to encourage the utmost candor in the discussion of Cognizant's business. Cognizant thus expected that the Confidential Information would remain non-public.

12. Cognizant produced the Confidential Information to Plaintiff pursuant to a Confidentiality Agreement that requires Plaintiff to ensure that any complaint he files using the Confidential Information be filed under seal.

**B. Conclusions of Law**

13. Courts have recognized that the presumption of public access is not absolute and may be rebutted. Republic of the Philippines v. Westinghouse Elec. Corp., 949 F.2d 653, 662 (3d Cir. 1991). "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." Littlejohn v. Bic Corp., 851 F.2d 673, 678 (3d Cir. 1988) (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 598 (1978)).

14. Courts may deny access to and seal a document when it encompasses non-public business information that might harm a litigant's competitive standing if disclosed. See Littlejohn, 851 F.2d at 678 (citations omitted).

15. Courts in this District have held that the inclusion of confidential information in documents warrants the sealing of such documents. "A well-settled exception to the right of access is the 'protection of a party's interest in confidential commercial information, such as a trade secret, where there is a sufficient threat of irreparable harm.'" In re Gabapentin Patent Litig., 312 F. Supp. 2d 653, 664 (D.N.J.

2004) (citation omitted). "The presence of trade secrets or other confidential information weighs against public access and, accordingly, documents containing such information may be protected from disclosure." Id. (citations omitted).

## III. Clearly Defined and Serious Injury Would Result If the Relief Is Not Granted

### A. Findings of Fact

16. This Court finds that disclosure of the Confidential Information referenced in the February 6, 2023, Transcript would subject Cognizant to a substantial risk of harm because, among other things, public disclosure of the Board's and the Review Committee's internal deliberations regarding the investigation of the Litigation Demands would adversely affect future deliberations by the Board and place Cognizant at a competitive disadvantage in the marketplace.

### B. Conclusions of Law

17. This Court has discretion to balance the factors for and against access to court documents. See Pansy v. Borough of Stroudsburg, 23 F.3d 772, 781 (3d Cir. 1994).

18. Putting a company at "a competitive disadvantage in the marketplace" and creating a "chilling effect on internal company deliberations" are sufficient threats of irreparable harm and are clearly defined and serious injuries. Crain, 2013 WL 4509970, at *1; see also Disney v. Walt Disney Co., No. CIV.A. 234-N, 2005 WL 1538336, at *4 (Del. Ch. June 20, 2005) ("If any shareholder can

make public the preliminary discussions, opinions, and assessments of board members and other high-ranking employees, it would surely have a chilling effect on board deliberations.”).

## IV. No Less Restrictive Alternative Is Available

### A. Findings of Fact

19. This Court finds that no less restrictive alternative to sealing is available because this request is tailored to seal only the Confidential Information included in the February 6, 2023, Transcript.

### B. Conclusions of Law

20. The sealing of confidential documents and information is an accepted practice in the District of New Jersey. See, e.g., In re Gabapentin Patent Litig., 312 F. Supp. 2d 653 (D.N.J. 2004).

21. Under Local Civil Rule 5.3(c)(3), the party seeking to seal documents must describe why no less restrictive alternative to the relief sought is available.

For all the above reasons, and because this Court finds that Cognizant’s interests in its Confidential Information identified herein outweigh the minimal, if

any, public interest in its disclosure, there is good cause to grant the Joint Motion to Seal Transcript Pursuant to Local Rule 5.3.[1]

**THEREFORE**, for the above reasons, it is hereby **ORDERED** that the Joint Motion to Seal Transcript Pursuant to Local Rule 5.3 is **GRANTED**;

It is **FURTHER ORDERED** that the unredacted version of the February 6, 2023, Transcript, (ECF No. 73) be, and hereby is, **SEALED**; and

It is **FURTHER ORDERED** that the parties shall submit to the court reporter/transcription agency a Statement of Redaction and Sealing pursuant to Local Rule 5.3(g), consistent with the index submitted in support of their motion.

DATED this 4th day of May, 2023.

s/ Cathy L. Waldor
Hon. Cathy L. Waldor, U.S.M.J.

---

[1] Under Local Civil Rule 5.3(c)(3), the party seeking to seal documents must also describe with particularity the identity of any party or non-party known to be objecting to the sealing request. This Court finds that there is no party or non-party known to be objecting to the sealing request.